# JURY INSTRUCTIONS

## United States v. Rajendra Bothra, Ganiu Edu, David Lewis, and Christopher Russo

## 18-20800

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every criminal case.

Then I will explain the elements, or parts, of the crime that the defendants are accused of committing.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

You have two main duties as jurors.

The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendants guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.

This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers will talk about the law during their arguments. But if what they say is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

As you know, the defendants have pleaded not guilty to the crimes charged in the Indictment. The indictment is not any evidence at all of guilt.

It is just the formal way that the government tells the defendants what crime the defendants are accused of committing. It does not even raise any suspicion of guilt.

Instead, the defendants start the trial with a clean slate, with no evidence at all against them, and the law presumes that they are innocent.

This presumption of innocence stays with them unless the government presents evidence here in court that overcomes the presumption and convinces you beyond a reasonable doubt that they are guilty.

This means that the defendants have no obligation to present any evidence at all, or to prove to you in any way that they are innocent. It is up to the government to prove that they are guilty, and this burden stays on the government from start to finish. You must find the defendants not guilty unless the government convinces you beyond a reasonable doubt that they are guilty.

The government must prove every element of the crimes charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved a defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in anyway.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; the stipulations that the lawyers agreed to; and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record.

You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

You are to consider only the evidence in the case. You should use your common sense in weighing the evidence. Consider the evidence in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences, unless otherwise instructed. Any inferences you make must be reasonable and must be based on the evidence in the case.

The existence of an inference does not change or shift the burden of proof from the government to the defendant.

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he or she saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine.

It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening and may make a mistake.

Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

Ask yourself if the witness had any relationship to the government or the defendants, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crimes charged.

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crimes that the defendants are accused of committing.

But before I do that, I want to emphasize that the defendants are only on trial for the particular crimes charged in the Indictment. Your job is limited to deciding whether the government has proved the crimes charged.

Also keep in mind that whether anyone else should be prosecuted and convicted for these crimes is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved this defendant guilty. Do not let the possible guilt of others influence your decision in any way.

Each defendant has been charged with several crimes. The number of charges is not evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one.

For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendants are guilty of that particular charge.

Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

The defendants have all been charged with several crimes. The number of charges is no evidence of guilt, and this should not influence your decision in any way. And in our system of justice, guilt or innocence is personal and individual. It is your duty to separately consider the evidence against each defendant on each charge, and to return a separate verdict for each one of them. For each one, you must decide whether the government has presented proof beyond a reasonable doubt that a particular defendant is guilty of a particular charge.

Your decision on one defendant, whether it is guilty or not guilty, should not influence your decision on any of the other defendants.

Counts 2–13 & 19–36 of the indictment charge the defendants with committing health care fraud in violation of federal law. For you to find a defendant guilty of this crime, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

1. That the defendant knowingly and willfully executed and attempted to execute a scheme to defraud Medicare, Medicaid or any federal health care benefit program in connection with the delivery of or payment for health care benefits, items, or services.
2. The Medicare/Medicaid/Blue Cross Blue Shield programs had some impact, no matter how small, on the movement of money, goods or services from one state to another;
3. The scheme to defraud included lies about an important fact; and
4. The defendant acted with intent to defraud.

Now I will give you more detailed instructions on some of these terms.

A "health care benefit program" is any public plan, affecting interstate commerce, under which any medical service is provided. The government need only prove that the health care program itself either engaged in interstate commerce or that its activity affected interstate commerce to any degree.

A scheme to defraud is any plan by which someone intends to deprive another of money or property, by means of lies.

A "lie" is any false statement that concerned an important aspect of a claim for Medicare reimbursement, which statement was either known to be untrue when made or was made with reckless indifference to its truth or falsity. "Lies" include actual, direct false statements as well as half-truths and the knowing concealment of important facts.

A "lie" is important if it had a natural tendency to influence, or was capable of influencing, the decision of a person of ordinary prudence and comprehension.

An act is done knowingly and willfully if it is done voluntarily and intentionally, and not because of mistake or some other innocent reason.

Defendants "intended to defraud" if they intended to deceive or cheat, to cause either a financial loss to another or a financial gain to themselves.

The government need not prove: (i) that the defendant had actual knowledge of the statute or specific intent to commit a violation of the statute; (ii) that the health care benefit program suffered any financial loss; (iii) that the defendant engaged in interstate commerce; (iv) or that the acts of the defendant affected interstate commerce.

You must consider each of Counts 2–13 & 19–36 separately. Your decision on any one charge, whether it is guilty or not guilty, should not influence your decision on the other charges.

If you are convinced that the government has proved all of the elements, say so by returning a guilty verdict on the charge. If you have a reasonable doubt about any of the elements, then you must find the defendant not guilty of this charge.

The good faith of a defendant is a complete defense to the charge of conspiracy to commit health care fraud contained in Count 1 of the indictment and the charge of health care fraud contained in Counts 2–13 & 19–36, because good faith on the part of the defendant is, simply, inconsistent with an intent to defraud.

A person who acts, or causes another person to act, on a belief or an opinion honestly held is not punishable under this statute merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake in judgment or an honest error in management does not rise to the level of criminal conduct.

A defendant does not act in good faith if, even though he honestly holds a certain opinion or belief, that defendant also knowingly makes false or fraudulent pretenses, representations, or promises to others.

While the term "good faith" has no precise definition, it encompasses, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another.

The burden of proving good faith does not rest with the defendant because the defendant does not have any obligation to prove anything in this case. It is the government's burden to prove to you, beyond a reasonable doubt, that the defendant acted with an intent to defraud.

If the evidence in this case leaves you with a reasonable doubt as to whether the defendant acted with an intent to defraud or in good faith, you must acquit the defendant.

Counts 44–46 & 51–54 of the indictment charge the defendants with the crime of unlawfully distributing controlled substances. For you to find the defendants guilty of this crime, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

1. That the defendant issued a prescription in the name of the individual listed in a particular count, for the controlled substance alleged in that count; or the defendant aided and abetted in the writing or filling of the prescription in the name of the individual listed in a particular count, for the controlled substance alleged in that count;

If the defendant produces any evidence that the particular prescription was authorized, i.e., issued inside the course of professional practice and for legitimate medical purpose, then the government must prove beyond a reasonable doubt;

1. that the defendant knowingly or intentionally issued the particular prescription in an unauthorized manner, i.e., outside the course of professional practice or for no legitimate medical purpose.

You must consider each of Counts 44–46 & 51–54 separately. Your decision on any one charge, whether it is guilty or not guilty, should not influence your decision on the other charges.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on that charge. If you have a reasonable doubt about any one of these elements, then you must find the defendants not guilty of that charge.

Next, I want to say a word about the dates mentioned in the indictment.

The indictment charges that criminal activity occurred within a certain period of time and, in some cases, "in or around" or "on or about" specific dates identified in the indictment.

The government does not have to prove that the crimes happened on these exact dates. But the government must prove that the crimes happened reasonably close to these dates or within the specified time periods.

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did or did not do, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

Although the indictment charges that the statute was violated by acts that are connected by the word "and," it is sufficient if the evidence establishes a violation of the statute by any one of the acts charged. Of course, this must be proved beyond a reasonable doubt.

Count 1 of the indictment accuses the defendants of a conspiracy to commit the crime of health care fraud in violation of federal law.

Count 43 of the indictment accuses the defendants of a conspiracy to distribute controlled substances in violation of federal law.

It is a crime for two or more persons to conspire, or agree, to commit a criminal act, even if they never actually achieve their goal.

A conspiracy is a kind of criminal partnership. For you to find the defendant guilty of the conspiracy charges, the government must prove each and every one of the following elements beyond a reasonable doubt:

1. First, that two or more persons conspired, or agreed, to commit the crime of health care fraud or the unlawful distribution of controlled substances.
2. And second, that the defendants knowingly and voluntarily joined the conspiracy.

You must be convinced that the government has proved all of these elements beyond a reasonable doubt for the individual conspiracy charges in order to find the defendants guilty of those conspiracy charges.

With regard to the first element of Counts 1 and 43—a criminal agreement—the government must prove that two or more persons conspired, or agreed, to cooperate with each other to commit the crimes of health care fraud or unlawful distribution of controlled substances.

This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the government has proved an agreement. But without more they are not enough.

What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to commit the crime of health care fraud or unlawful distribution of controlled substances. This is essential.

An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

If you are convinced that there was a criminal agreement, then you must decide whether the government has proved that the defendant knowingly and voluntarily joined that agreement. To convict the defendant, the government must prove that the defendant knew the conspiracy's main purpose, and that the defendant voluntarily joined it intending to help advance or achieve its goals.

This does not require proof that the defendant knew everything about the conspiracy, or everyone else involved, or that the defendant was a member of it from the very beginning. Nor does it require proof that the defendants played a major role in the conspiracy, or that their connection to it was substantial. A slight role or connection may be enough.

But proof that the defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if the defendant approved of what was happening or did not object to it. Similarly, just because the defendant may have done something that happened to help a conspiracy does not necessarily make the defendant a conspirator. These are all things that you may consider in deciding whether the government has proved that the defendant joined a conspiracy. But without more they are not enough.

The defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that the defendant knew the conspiracy's main purpose. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

Now, some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted or tried together in one proceeding.

Nor is there any requirement that the names of the other conspirators be known. An indictment can charge a defendant with conspiracy involving people whose names are not known, as long as the government can prove that the defendant conspired with one or more of them. Whether they are named or not does not matter.

Counts 2–13 & 19–36 of the indictment accuse the defendants of committing the crime of health care fraud, while counts 44–46 & 51–54 accuse the defendants of unlawfully distributing controlled substances.

There are two ways that the government can prove the defendants guilty of these crimes. The first is by convincing you that each defendant personally committed or participated in the crimes. The second is based on the legal rule that all members of a conspiracy are responsible for acts committed by the other members, as long as those acts are committed to help advance the conspiracy, and are within the reasonably foreseeable scope of the agreement.

In other words, under certain circumstances, the act of one conspirator may be treated as the act of all. This means that all the conspirators may be convicted of a crime committed by only one of them, even though they did not all personally participate in that crime themselves.

But for you to find the defendant guilty of health care fraud or unlawful distribution of controlled substances based on this legal rule, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

1. First, that the defendant was a member of the conspiracy charged in Count 1 or Count 43 of the indictment;
2. Second, that after he joined the conspiracy, and while he was still a member of it, one or more of the other members committed the crime of health care fraud or unlawful distribution of controlled substances;
3. Third, that this crime was committed to help advance the conspiracy;
4. And fourth, that this crime was within the reasonably foreseeable scope of the unlawful project. The crime must have been one that the defendant could have reasonably anticipated as a necessary or natural consequence of the agreement.

This does not require proof that the defendant specifically agreed or knew that the crime would be committed. But the government must prove that the crime was within the reasonable contemplation of the persons who

participated in the conspiracy. The defendant is not responsible for the acts of others that go beyond the fair scope of the agreement as the defendant understood it.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of them, then the legal rule that the act of one conspirator is the act of all would not apply.

For you to find the defendants guilty of health care fraud or unlawful distribution of controlled substances, it is not necessary for you to find that each defendant personally committed the crime. You may also find an individual defendant guilty if he intentionally helped or encouraged someone else to commit the crime. A person who does this is called an aider and abettor.

But for you to find the defendant guilty of health care fraud as an aider and abettor, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

1. First, that the crime of health care fraud was committed;
2. Second, that the defendant helped to commit the crime or encouraged someone else to commit the crime;
3. And third, that the defendant intended to help commit or encourage the crime.

Proof that the defendant may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty. You can consider this in deciding whether the government has proved that he was an aider and abettors, but without more it is not enough.

What the government must prove is that the defendant did something to help or encourage the crime with the intent that the crime be committed. If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on these charges. If you have a reasonable doubt about any one of these elements, then you cannot find the defendant guilty of health care fraud as an aider and abettor.

You have heard testimony regarding Medicare's civil rules and regulations, as well as regarding ethical standards and standards of care for providing services.

I caution you that a violation of civil statutes, rules, regulations, ethical standards, or standards of care is not a crime. This is not a civil case. The defendants are not on trial for civil violations.

Even if you find that the claims to a Medicare program were not allowed under the applicable statute, rules, and regulations, the defendants cannot be convicted of a crime simply for violating civil statutes, rules, regulations, ethical standards, and standards of care applicable to the defendants' conduct.

However, evidence related to the nature of, and possible violation of Medicare's rules and regulations, ethical standards, and standards of care may be considered by you in determining whether the defendant acted with criminal intent; that is whether he acted knowingly, willfully, and with the intent to defraud Medicare.

That concludes the part of my instructions explaining the elements of the crime. Next I will explain some rules that you must use in considering some of the testimony and evidence.

A defendant has an absolute right not to testify or present evidence. The fact that some of the defendants did not testify or present any evidence cannot be considered by you in any way. Do not even discuss it in your deliberations.

Remember that it is up to the government to prove the defendants guilty beyond a reasonable doubt. It is not up to the defendants to prove that they are innocent.

Similarly, you have heard some defendants testify. Earlier, I talked to you about the "credibility" or the "believability" of the witnesses. And I suggested some things for you to consider in evaluating each witness's testimony. You should consider those same things in evaluating the defendants' testimony.

You have heard the testimony of Dr. Neel Mehta, Dr. Christopher Gharibo, Dr. Anthony Chiodo, Dr. James Murphy, and Shawn Weiss who testified as an opinion witness. You do not have to accept their opinions.

In deciding how much weight to give them, you should consider the witnesses' qualifications and how they reached their conclusions.

Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

You have heard the testimony of Andrew Peterson, Brian Tolan, Claudia Link, Dr. David Lewis, Dr. Ganiu Edu, Dr. Hersh Patel, and Mary Sue Gardner, who testified to both facts and opinions. Each of these types of testimony should be given the proper weight.

As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

As to the testimony on opinions, you do not have to accept their opinions. In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

You have heard the testimony of certain witnesses who were convicted of crimes in other cases.

This earlier conviction was brought to your attention only as one way of helping you decide how believable their testimony was. Do not use it for any other purpose. It is not evidence of anything else.

You have heard the testimony of Henderson Butler. You have also heard that he received money from the government in exchange for providing information.

The use of paid informants is common and permissible. But you should consider his testimony with more caution than the testimony of other witnesses. Consider whether his testimony may have been influenced by what the government gave him.

Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe his testimony beyond a reasonable doubt.

You have heard the testimony in this trial of Eric Backos and Ronald Kufner, who have pleaded guilty to crimes. You have also heard that these witnesses were involved in the same crimes that the defendants are charged with committing.

You should consider these witnesses' testimony with more caution than the testimony of other witnesses.

Do not convict the defendant based on the unsupported testimony of one such witness, standing alone, unless you believe their testimony beyond a reasonable doubt.

The fact that these witnesses have pleaded guilty to a crime is not evidence that the defendants are guilty, and you cannot consider this against the defendant in any way.

During the trial you have seen counsel use summaries, charts, drawings, calculations, or similar material, which were offered to assist in the presentation and understanding of the evidence. This material is not itself evidence and must not be considered as proof of any facts.

During the trial you have seen or heard summary evidence in the form of [a chart, drawing, calculation, testimony, or similar material]. This summary was admitted in evidence, in addition to the material it summarizes, because it may assist you in understanding the evidence that has been presented.

But the summary itself is not evidence of the material it summarizes, and is only as valid and reliable as the underlying material it summarizes.

You have heard some recorded conversations that were received in evidence, and you were given some written transcripts of the recordings.

Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of the recordings, you must ignore the transcripts as far as those parts are concerned.

You have heard evidence that the defendants made statements in which the government claims they admitted certain facts. It is for you to decide whether the defendants made those statements, and if so, how much weight they deserve. In making these decisions, you should consider all of the evidence about the statements, including the circumstances under which the defendants allegedly made them.

You may not convict the defendants solely upon his own uncorroborated statement or admission.

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

If you want to see any of the exhibits that were admitted in evidence, you may send me a message, and those exhibits will be provided to you. One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 6–6, or 8–4, or whatever your vote happens to be. That should stay secret until you are finished.

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

Your verdict, whether it is guilty or not guilty, must be unanimous.

To find each defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find him not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that—your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendants guilty beyond a reasonable doubt.

If you decide that the government has proved the defendants guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proved the defendants guilty beyond a reasonable doubt.

I have prepared a verdict form that you should use to record your verdict.

If you decide that the government has proved the charge against the defendants beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proved the charge against them beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Your foreperson should then sign the form, put the date on it, and return it to me.

Remember that each defendant is only on trial for the particular crimes charged in the indictment. Your job is limited to deciding whether the government has proved the crimes charged.

Also remember that whether anyone else should be prosecuted and convicted for these crimes is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved these defendants guilty. Do not let the possible guilt of others influence your decision in any way.

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

I have prepared a verdict form that you should use to record your verdict. The form reads as follows:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

        Plaintiff,

Case No. 2:18-cr-20800

v.

Honorable Stephen J. Murphy, III

RAJENDRA BOTHRA
GANIU EDU
DAVID LEWIS
CHRISTOPHER RUSSO,

        Defendants.

## **<u>VERDICT FORM</u>**

We, the jury in the above-empaneled case, find the defendant, **RAJENDRA BOTHRA**,

As to Count One, Health Care Fraud Conspiracy:

Not Guilty _____     Guilty _____

As to Count Two, Health Care Fraud Aiding and Abetting:

Not Guilty _____     Guilty _____

As to Count Three, Health Care Fraud Aiding and Abetting:

Not Guilty _____     Guilty _____

As to Count Four, Health Care Fraud Aiding and Abetting:

Not Guilty _____     Guilty _____

As to Count Five, Health Care Fraud Aiding and Abetting:

Not Guilty _____        Guilty _____


As to Count Six, Health Care Fraud Aiding and Abetting:

Not Guilty _____        Guilty _____


As to Count Seven, Health Care Fraud Aiding and Abetting:

Not Guilty _____        Guilty _____


As to Count Eight, Health Care Fraud Aiding and Abetting:

Not Guilty _____        Guilty _____


As to Count Nine, Health Care Fraud Aiding and Abetting:

Not Guilty _____        Guilty _____


As to Count Ten, Health Care Fraud Aiding and Abetting:

Not Guilty _____        Guilty _____


As to Count Eleven, Health Care Fraud Aiding and Abetting:

Not Guilty _____        Guilty _____

As to Count Twelve, Health Care Fraud Aiding and Abetting:

Not Guilty _____      Guilty _____

As to Count Thirteen, Health Care Fraud Aiding and Abetting:

Not Guilty _____      Guilty _____

As to Count Forty-Three, Conspiracy to Distribute and Possess with Intent to Distribute the Controlled Substance Hydrocodone-Acetaminophen:

Not Guilty _____      Guilty _____

As to Count Forty-Four, Unlawful Distribution of the Controlled Substance Hydrocodone-Acetaminophen Aiding and Abetting:

Not Guilty _____      Guilty _____

As to Count Forty-Five, Unlawful Distribution of the Controlled Substance Hydrocodone-Acetaminophen Aiding and Abetting:

Not Guilty _____      Guilty _____

As to Count Forty-Six, Unlawful Distribution of the Controlled Substance Hydrocodone-Acetaminophen Aiding and Abetting:

Not Guilty _____      Guilty _____

We, the jury in the above-empaneled case, find the defendant, **GANIU EDU**,

As to Count One, Health Care Fraud Conspiracy:

Not Guilty _____      Guilty _____

54

As to Count Nineteen, Health Care Fraud Aiding and Abetting:

Not Guilty _____      Guilty _____

As to Count Twenty, Health Care Fraud Aiding and Abetting:

Not Guilty _____      Guilty _____

As to Count Twenty-One, Health Care Fraud Aiding and Abetting:

Not Guilty _____      Guilty _____

As to Count Twenty-Two, Health Care Fraud Aiding and Abetting:

Not Guilty _____      Guilty _____

As to Count Twenty-Three, Health Care Fraud Aiding and Abetting:

Not Guilty _____      Guilty _____

As to Count Twenty-Four, Health Care Fraud Aiding and Abetting:

Not Guilty _____      Guilty _____

As to Count Twenty-Five, Health Care Fraud Aiding and Abetting:

Not Guilty _____      Guilty _____

As to Count Twenty-Six, Health Care Fraud Aiding and Abetting:

Not Guilty _____        Guilty _____


As to Count Twenty-Seven, Health Care Fraud Aiding and Abetting:

Not Guilty _____        Guilty _____


As to Count Twenty-Eight, Health Care Fraud Aiding and Abetting:

Not Guilty _____        Guilty _____


As to Count Twenty-Nine, Health Care Fraud Aiding and Abetting:

Not Guilty _____        Guilty _____


As to Count Forty-Three, Conspiracy to Distribute and Possess with Intent to Distribute the Controlled Substance Hydrocodone-Acetaminophen:

Not Guilty _____        Guilty _____


As to Count Fifty-One, Unlawful Distribution of the Controlled Substance Hydrocodone-Acetaminophen Aiding and Abetting:

Not Guilty _____        Guilty _____


As to Count Fifty-Two, Unlawful Distribution of the Controlled Substance Hydrocodone-Acetaminophen Aiding and Abetting:

Not Guilty _____        Guilty _____

We, the jury in the above-empaneled case, find the defendant, **DAVID LEWIS**,

As to Count One, Health Care Fraud Conspiracy:

Not Guilty _____     Guilty _____


As to Count Thirty, Health Care Fraud Aiding and Abetting:

Not Guilty _____     Guilty _____


As to Count Thirty-One, Health Care Fraud Aiding and Abetting:

Not Guilty _____     Guilty _____


As to Count Forty-Three, Conspiracy to Distribute and Possess with Intent to Distribute the Controlled Substance Hydrocodone-Acetaminophen:

Not Guilty _____     Guilty _____


As to Count Fifty-Three, Unlawful Distribution of the Controlled Substance Hydrocodone-Acetaminophen Aiding and Abetting:

Not Guilty _____     Guilty _____


We, the jury in the above-empaneled case, find the defendant, **CHRISTOPHER RUSSO**,

As to Count One, Health Care Fraud Conspiracy:

Not Guilty _____     Guilty _____

As to Count Thirty-Two, Health Care Fraud Aiding and Abetting:

Not Guilty _____          Guilty _____


As to Count Thirty-Three, Health Care Fraud Aiding and Abetting:

Not Guilty _____          Guilty _____


As to Count Thirty-Four, Health Care Fraud Aiding and Abetting:

Not Guilty _____          Guilty _____


As to Count Thirty-Five, Health Care Fraud Aiding and Abetting:

Not Guilty _____          Guilty _____


As to Count Thirty-Six, Health Care Fraud Aiding and Abetting:

Not Guilty _____          Guilty _____


As to Count Forty-Three, Conspiracy to Distribute and Possess with Intent to Distribute the Controlled Substance Hydrocodone-Acetaminophen:

Not Guilty _____          Guilty _____


As to Count Fifty-Four, Unlawful Distribution of the Controlled Substance Hydrocodone-Acetaminophen Aiding and Abetting:

Not Guilty _____          Guilty _____


Date:                                         _____
                                              Foreperson